## Thomas Bennett *vs.* Edwin Conant & others.

An entry to foreclose, made by a mortgagee on one of two separate tracts of land, both situated in the same county, and mortgaged by the same deed, on the same condition, is, as between the parties and their privies, an entry on the whole.

A mortgagor who signs a certificate on the mortgage, of a lawful entry on the mortgaged premises, according to Rev. Sts. *c.* 107, § 2, cannot deny the fact of such entry.

A mortgagee who has duly taken possession of the mortgaged premises for the purpose of foreclosure, under Rev. Sts. *c.* 107, § 2, need not continue in actual occupation and use of the premises, in order to bar the right of redemption in three years; the mortgagor or any one under him, not being in occupation during said time.

BILL IN EQUITY to redeem a mortgage. The material facts sufficiently appear in the opinion of the court.

*F. H. Dewey*, for the complainant.

*N. Wood*, for the respondents.

SHAW, C. J. This is a bill in equity to redeem a mortgage,

made by the complainant to Jacob Conant; and the defence is, that the right of redemption has been foreclosed. The statement of facts seems somewhat complicated, by the introduction of facts, not in our opinion material to the issue.

It may be sufficient to state, that Thomas Bennett, the complainant, on the 28th April, 1838, mortgaged to Jacob Conant, all the Beals property so called; also, the Bennett property so called, consisting of lands and mills, situated about three miles from the Beals property, that these were embraced in one and the same deed, and redeemable on one and the same condition, and that the estate sought to be redeemed is part of what was known and called the Beals property. We understand that the whole lies in one town.

The foreclosure relied on, depends upon an entry made by Jacob Conant, by his agent Edwin Conant, upon the mortgaged premises, for condition broken, by the express assent of the mortgagor, and the lapse of more than three years therefrom, before this bill was brought, or any tender made by the complainant.

It appears by the facts, that on the 13th June, 1839, Jacob Conant, by his authorized agent, made an entry on the Bennett property, so called, for a breach of the condition of said mortgage, and thereupon the mortgagor, the present complainant, signed a certificate, indorsed on the mortgage, dated the same day, to the effect that Conant, the mortgagee, had on that day made open and peaceable entry upon the premises, conveyed by said mortgage, to hold the same for foreclosure thereof, for a breach of the condition of the same. This certificate was signed by the mortgagor, attested by a witness, and recorded the next day, in the Worcester registry of deeds.

The statute, Rev. Sts. *c.* 107, § 2, contemplates two modes of entry *in pais* for condition broken, in order to foreclose a mortgage, quite similar to each other, and yet somewhat varying. In either case, by § 1, same statute, it must be an entry " not opposed by the mortgagor."

In the first case, a memorandum or certificate of such entry shall be made on the mortgage deed, and signed by the

mortgagor, or the person claiming under him, and within thirty days recorded, &c.

Secondly, or else a certificate of two competent witnesses to prove the entry, shall be made and sworn to, and in like manner recorded.

So it appears, that if the mortgagor himself will sign the certificate, he of course still retaining the right of redemption, and being otherwise competent to do legal acts, the presence and affidavit of witnesses is dispensed with, and the record of such certificate, being a clear admission of the entry and of the mortgagor's assent to it, is itself sufficient and conclusive. But if the mortgagor is not present, or declines, or for any cause fails to sign such certificate, then the mortgagee must make an open and peaceable entry in presence of two witnesses, the mortgagor or other person claiming the premises, not opposing such entry; and their affidavit is in like manner to be recorded, as notice to all persons concerned, that such entry has been made.

The former of these modes was adopted in the present case; the mortgagor, still holding the equity of redemption, signed the certificate, which was indorsed on the mortgage, and this was seasonably recorded. We have no doubt that this was a good and valid entry, according to the statute, and the only question which can be raised is, as to its effect.

Two points are made in the argument for the complainant, first, that here there were two distinct parcels of estate, at several miles distant from each other, and that the entry on one was not sufficient to foreclose the mortgage on the other; and second, that there was not such a continuance of possession, on the part of the mortgagee, as to give effect to his entry, and bring it within the operation of the statute, and work a foreclosure. But we think this cannot be maintained. The mortgage of several detached parcels of land in the same county by one deed, to perform one condition, does, as between such parties, constitute them to be one tenement or holding, for the purpose of securing the performance of the condition, and as between those parties and their privies, an entry on one is an entry on the whole.

But we think there is another answer quite decisive of **this** question, and that is, that the complainant is estopped to deny that the mortgagee did make an open and peaceable entry upon all the mortgaged premises. His certificate, recorded for the information of all concerned was, that the mortgagee had entered on the premises conveyed by that mortgage, that is, the whole of the mortgaged premises, for condition broken, and to foreclose. Now, if an entry on the different parcels was legally necessary for the purpose of foreclosing, this certificate is a clear admission that such entry was made, and the complainant is bound by it. *Lawrence* v. *Fletcher*, 10 Met. 344.

In regard to the other point, that the possession was not continued, it depends upon another clause of the statute already cited, Rev. Sts. *c.* 107, § 1. After providing for recovering the possession by action, or making an open and peaceable entry, if not opposed by the mortgagor, it then adds, " and such possession obtained in either mode being continued peaceably for three years, shall forever foreclose the right of redemption." The facts stated in regard to the entry and possession, are these : It has already been stated, that Jacob Conant, the mortgagee, entered on the 13th June, 1839. It is further agreed, that he died in August of the same year, leaving Edwin Conant his executor and residuary legatee ; that they continued in possession of the Bennett property for the three years succeeding such entry, but neither of said Conants occupied, leased, or exercised any acts of ownership over the estate sought to be redeemed during said three years, other than the taking possession to foreclose said mortgage, and procuring said certificate of possession to be recorded, all in compliance with law.

The court are of opinion that in the absence of any act of ouster or adverse holding, this evidence is sufficient to show a continued possession, within the meaning of the statute.

The possession of the mortgagee by an entry to foreclose, certified by the mortgagor, was actual, complete, and legal ; and such possession once established, must be presumed to continue until proof of some act done to defeat or interrupt

it. *Brown* v. *King,* 5 Met. 173. Here, no such act is shown. Although it appears that the mortgagees did not occupy or do acts of ownership, there is nothing to show that any one else did such acts.

We are strongly inclined to believe that, as the law now stands, should the mortgagee, after entry, permit the mortgagor to occupy the premises, as mere matter of indulgence or mutual convenience, without any agreement to waive the entry for condition broken, the mortgagor must be taken to be the tenant at will of the mortgagee; his possession therefore would be the possession of the mortgagee, and not adverse, and therefore would not interrupt the continuity of the mortgagee's legal possession. If there be any case in which a contrary opinion is intimated, we think it was decided upon an earlier statute, in which no provision was made for recording the evidence of the mortgagee's entry, and by which, actual continuance of possession by the mortgagee was expressly required. Such was the case of *Thayer* v. *Smith,* 17 Mass. 429. There the main ground of objection to the entry of foreclosure was, that, for aught that appeared, the entry might have been made without notice to the mortgagor, and that the recording of the certificate did not amount to constructive notice, because such recording, as the law then stood, was not required or authorized by the statute. But now, by express enactment in the Revised Statutes, not reported by the commissioners, but introduced afterwards by the committee, as an amendment, and adopted by the legislature, ample provision is made for recording the certificate of entry in the registry of deeds for the county. This is a full and authoritative notice, to all persons, of the fact and date of the mortgagee's peaceable entry, with the knowledge and consent of the mortgagor, of the cause of such entry, for breach of condition, and of his purpose to foreclose; necessarily implying his intention to keep the possession he had lawfully acquired, for the term of three years. This makes the entry of the mortgagee a legal and binding act, as between the mortgagor and mortgagee, and affords full constructive notice of all the material facts, to all other persons having occasion to know and act upon them

One case was cited by the counsel for the complainant, which seems to require a remark; *Botham* v. *McIntier*, 19 Pick. 346. It is cited as an authority to show, that if after entry for breach of condition and within the three years, the mortgagee gives up the possession to the mortgagor, and does not retain it himself; or, if without opposition from him, the mortgagor occupies or takes the profits of the estate, the foreclosure will be thereby defeated. Perhaps some counte-nance is afforded to this construction by the brief mode in which the legal result of the case is stated in Minot's Dig. tit. Mortgage, III. 19. But the case itself warrants no such position. The facts in that case were, that after entry for condition broken, and within the term of three years, the mortgagee, by his guardian, held competent to act, entered into an agreement with the mortgagor, and put him into possession, to hold as he had held before the entry of the mortgagee, for the purpose of having him perform the con-dition. The very purpose of the agreement was to defeat the operation of the mortgagee's entry and notice, and pre-vent the foreclosure of the mortgage thereby. The only ques-tion was, whether this agreement, and the restoration of possession under it, were valid and legal to place the parties in the same relation in which they were before entry, and the court held that they were. The rights and relations of a mort-gagee before entry, and of a mortgagee in possession, being effected by an act *in pais*, done by one party and expressly or tacitly assented to by the other, it was held that a relinquish-ment of the possession under an agreement to hold it as be-fore entry, was valid, and annulled the effect of the entry. This case, we think, neither adjudges nor implies, that if, after a mortgagee has taken and acquired legal possession of the mortgage and given the requisite notice of it to all the world by registration, he simply lies by, and does nothing, does not occupy, and take and charge himself with the rents and profits, and the mortgagor or other person, not by an actual ouster or disseisin, or adverse holding under claim of title, occupies or take the profits, that the mortgagee's legal possession is inter-rupted, or the foreclosure, by the lapse of three years, defeated.

But in the present case, it does not appear that the mortgagor or any other person did occupy during the three years; the case is left without evidence on that subject. After the mortgagee has rightfully entered and held sometime, the burden of proof is on the party questioning the continuance of such possession, to prove some interruption. The complainant not being entitled to redeem, the bill is dismissed with costs.

*Bill dismissed.*